UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FEDERAL HOME LOAN MORTGAGE CORP. (FREDDIE MAC) SECURITIES LITIGATION** | Civil Action 09-MD-2072 (MGC) <br><br> This document relates to: <br><br> Civil Action 09-CV-832 (MGC) <br><br> ECF CASE |

PLAINTIFF'S MEMORANDUM REGARDING COURT'S AUTHORITY
TO HEAR RENEWED MOTION FOR CLASS CERTIFICATION

At the July 18, 2012 status conference, Plaintiff indicated his intent to file a motion for class certification addressing the concerns identified in the Court's Opinion and Order dated March 27, 2012 denying class certification.  The Court directed the parties to submit authorities relating to whether, under Rule 23 of the Federal Rules of Civil Procedure, a plaintiff may move for class certification after an initial denial, and whether the Court has discretion to consider such a motion.  Plaintiff respectfully submits the following authorities:

**Federal Rules of Civil Procedure:**

Pursuant to Rule 23(c)(1)(C), an order denying class certification may be revisited before final judgment is entered.

> Fed. R. Civ. P. 23(c)(1)(C):  "*Altering or Amending the Order.* An order that grants or denies class certification may be altered or amended before final judgment."

**Legislative History:**

The legislative history of Rule 23(c)(1)(C) recognizes the Court's authority to consider a renewed or revised motion for class certification.

*Notes of Advisory Committee on 1966 Amendments*:

> "An order embodying a determination can be conditional; the court may rule, for example, that a class action may be maintained only if the representation is improved through intervention of additional parties of a stated type.  A determination once made can be altered or amended before the decision on the merits if, upon fuller development of the facts, the original determination appears unsound.  A negative determination means that the action should be stripped of its character as a class action. See subdivision (d)(4). Although an action thus becomes a nonclass action, the court may still be receptive to interventions before the decision on the merits so that the litigation may cover as many interests as can be conveniently handled; the questions whether the intervenors in the nonclass action shall be permitted to claim 'ancillary' jurisdiction or the benefit of the date of the commencement of the action for purposes of the statute of limitations are to be decided by reference to the laws governing jurisdiction and limitations as they apply in particular contexts."

*Notes of Advisory Committee on 2003 Amendments*:

> "Subdivision (c)(1)(C) reflects two amendments. The provision that a class certification 'may be conditional' is deleted.  A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met.  The provision that permits alteration or amendment of an order granting or denying class certification is amended to set the cut-off point at final judgment rather than 'the decision on the merits.' This change avoids the possible ambiguity in referring to 'the decision on the merits.' Following a determination of liability, for example, proceedings to define the remedy may demonstrate the need to amend the class definition or subdivide the class. In this setting the final judgment concept is pragmatic. It is not the same as the concept used for appeal purposes, but it should be flexible, particularly in protracted litigation."

**Caselaw:**

Courts have interpreted Fed. R. Civ. P. 23(c)(1)(C) to authorize a revised or renewed motion for class certification after an initial denial.

- In *In re Initial Pub. Offering Sec. Litig.* ("*IPO*"), the Second Circuit stated: "District courts have ample discretion to consider (or decline to consider) a revised class certification motion after an initial denial." 483 F.3d 70, 73 (2d Cir. 2007) (citations omitted).[1]  The *IPO* Court specifically stated that "[w]e do not think a district court's authority to revise a class certification ruling requires a 'without prejudice' reservation of authority."  *Id.*  The court further stated: "Nothing in our decision precludes the Petitioners from returning to the District Court to seek certification of a more modest class, one as to which Rule 23 criteria might be met []."  *Id.*

- "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

- *N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 11-1683-cv, No. 11-1684-cv, 2012 U.S. App. LEXIS 8675, at *12 (2d Cir. April 30, 2012) (acknowledging that Fed. R. Civ. P. 23(c)(1)(C) authorizes further motion practice on class certification after a denial).

- *McNamara v. Felderhof*, 410 F.3d 277, 280 (5th Cir. 2005) ("a district court is free to reconsider its class certification ruling as often as necessary before judgment").

---

[1]    The Second Circuit in *IPO* cited to three cases: *Barr-Rhoderick v. Board of Ed.*, No. CIV 04-0327, 2005 U.S. Dist. LEXIS 43691, at *51 (D. N.M. Sept. 30, 2005), *Meyers ex rel. Meyers v. Board of Ed.*, 905 F. Supp. 1544, 1578 (D. Utah 1995), and *Kamerman v. Steinberg*, 123 F.R.D. 66, 69-70 (S.D.N.Y. 1988), a brief summary of each is set forth below.

2

- *Barr-Rhoderick v. Board of Ed.*, No. CIV 04-0327, 2005 U.S. Dist. LEXIS 43691, at *51 (D. N.M. Sept. 30, 2005) (denying motions for class certification without prejudice with leave to file a motion more carefully tailored to the posture of the case).

- *Meyers ex rel. Meyers v. Board of Ed.*, 905 F. Supp. 1544, 1578 (D. Utah 1995) (denying plaintiffs' motion for class certification without prejudice to the plaintiffs' right to renew the motion at a later time).

- *Kamerman v. Steinberg*, 123 F.R.D. 66, 69-70 (S.D.N.Y. 1988) (Judge Motley found defendants' procedural objection to be baseless because "Fed. R. Civ. Pro. 23(c)(1) grants this Court power to reconsider an order denying class certification at any time before a decision on the merits." (citations omitted)).

- *Cochran v. Oxy Vinyls LP*, No. 3:06CV-34-H, 2008 U.S. Dist. LEXIS 67389 (W.D. Ky. Sept. 2, 2008) (allowing plaintiffs to file a renewed motion for class certification and submitting a new expert report).

- *In re Fleetboston Fin. Corp. Sec. Litig.*, 253 F.R.D. 315, 338 (D. N.J. 2008) (stating that a motion under Rule 23(c)(1)(C) to alter or amend an order denying class certification does not require "changed" facts, just "more" facts).

- *Gutierrez v. Johnson & Johnson*, 269 F.R.D. 430, 434 (D. N.J. 2010) ("A court may revisit a prior denial after developments in the factual background, a modified proposed class definition, new class representatives, *or any other changes which may cure defects earlier found by the court*." (citing cases)) (emphasis supplied).

- *Terrill v. Electrolux Home Prods.*, 274 F.R.D. 698, 700 (S.D. Ga. 2011) (stating that district courts in the Eleventh Circuit find revisiting class certification after an initial denial appropriate "if subsequent developments so require," upon a showing of "new evidence or *some other appropriate ground*," or a demonstration of "changed circumstances") (citation omitted) (emphasis supplied).

**Secondary Sources:**

- "Rule 23(c)(1)(C) permits later alteration or amendment of an order granting or denying class certification." MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.133.

Dated: July 30, 2012               Respectfully submitted,

                                                  **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Imtiaz A. Siddiqui*
       IMTIAZ A. SIDDIQUI

Imtiaz A. Siddiqui
One Liberty Plaza, 23rd Floor
New York, NY 10006
Telephone: (212) 201-6820
Facsimile: (646) 219-6678

Joseph W. Cotchett
Mark C. Molumphy
Jordanna G. Thigpen
Matthew K. Edling
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Counsel for Plaintiff Jerry Jones*